8:26-CV-1807-JLB-NHA

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

THOMAS E. MORRISON, **Plaintiff,**

**vs.**

JUN 22 2026 PM3:55
FILED - USDC - FLMD - TPA

United States Equal Employment Opportunity Commission, Todd Wallace Blanche, (Acting) Attorney General of the United States, Andrea R. Lucas, (Acting) Chair of United States Equal Employment Opportunity Commission, Gul Chaudry, (Acting) Director of the Office of Federal Operations (U. S. Equal Employment Opportunity Commission), Evangeline Hawthorne, Director, United States Equal Employment Opportunity Commission Miami District Office, Gregory W. Kehoe, United States Attorney for the Middle District of Florida, Defendants.
**Case No.:**

## PETITION FOR WRIT OF MANDAMUS

### Introduction

Thomas E. Morrison, ("Plaintiff"), respectfully petitions this Honorable Court for a Writ of Mandamus to compel the United States Equal Employment Opportunity Commission (USEEOC) to adjudicate his Appeal of EEOC Case Number: (2023002221), which has been subjected to an unreasonable and unjustifiable delay, depriving him of rights and protections guaranteed under federal law.

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1361, which confers original jurisdiction upon District Courts in actions to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

2. This Court also has jurisdiction under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq.

3. Venue is proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are officers or employees of the United States acting in their official capacities.

### Parties

1. Plaintiff, Thomas E. Morrison, resides at 18104 Portside St, Tampa, Florida 33647 but receives all correspondence at his mailing address of P. O. Box 46953, Tampa, Florida 33646 and is seeking a decision on the appeal of EEOC Case Number: (2023002221). Plaintiff previously resided in Tampa, Florida, where significant actions related to his

appeal occurred, and according to United States Equal Employment Opportunity Commission, the appeal is still pending at the U. S. Equal Employment Opportunity Commission's Office of Federal Operations, which is different from the dismissal location at the Miami District Office.

2. Defendant, United States Equal Employment Opportunity Commission, is an agency of the United States government responsible for implementing and enforcing discrimination laws. United States Equal Employment Opportunity Commission's headquarters is located at 131 M Street NE, Washington, DC 20507.

3. Defendant, Todd Wallace Blanche, is the (Acting) Attorney General of the United States, with an official address at the U.S. Department of Justice, 950 Pennsylvania Ave NW, Washington, DC 20530-0001. He is responsible for overseeing the lawful execution of federal laws. He is sued in his official capacity.

4. Defendant, Andrea R. Lucas, is the (Acting) Chair of the United States Equal Employment Opportunity Commission, tasked with supervising the agency's administration of implementing and enforcing discrimination laws. She is sued in her official capacity. Her official address is United States Equal Employment Opportunity Commission Office of the Chief Counsel, 131 M Street NE, Washington, DC 20507.

5. Defendant, Gul Chaudry, is the (Acting) Director of the Office of Federal Operations (U. S. Equal Employment Opportunity Commission), a subordinate office within the United States Equal Employment Opportunity Commission. She is sued in her official capacity. Her official address is United States Equal Employment Opportunity Commission's Office of Federal Operations, c/o Office of the General Counsel, 131 M Street NE, Washington, DC 20507.

6. Defendant, Evangeline Hawthorne, is the Director, United States Equal Employment Opportunity Commission Miami District Office, a subordinate office within the United States Equal Employment Opportunity Commission. She is sued in her official capacity. Her official address is United States Equal Employment Opportunity Commission Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, FL 33131.

7. Defendant, Gregory W. Kehoe, is the United States Attorney for the Middle District of Florida and represents the federal government's interests within this jurisdiction. He is sued in his official capacity. His official address is United States Attorney's Office, Defendant, Gregory W. Kehoe, is the United States Attorney for the Middle District of Florida and represents the federal government's interests within this jurisdiction. He is

sued in his official capacity. His official address is United States Attorney's Office, 400 North Tampa Street, Suite 3200, Tampa, FL 33602.

**Factual Background**

8.  Plaintiff filed an appeal (Case Number: 2023002221) on March 4, 2023, pursuant to the dismissal of his complaint at United States Equal Employment Opportunity Commission's Miami District Office. **As of the date of this filing, it has been about 3 years, 3 months and 18 days since the appeal was filed.**

9.  Plaintiff originally filed an Equal Employment Opportunity complaint with his employer approximately in the Spring of 2021. **It has been over 5 years and 10 months since the initial filing of the complaint to its current appeal status.**

10. Despite completing all prerequisites for adjudication, Plaintiff's appeal remains pending, with no decision rendered as of the date of this filing, constituting an unreasonable delay under the APA and relevant laws.

11. Plaintiff has diligently sought updates regarding the status of his case by contacting the United States Equal Employment Opportunity Commission's Office of Federal Operations, including:

12. **Contacting the United States Equal Employment Opportunity Commission's Office of Federal Operations' Attorney of the Day and being referred by the Attorney of the Day to the United States Equal Employment Opportunity Commission's public portal to review the status of Plaintiff's appeal; every time the status was and is pending.**

13. **Contacting my former U. S. Senator (now Secretary of State) Marco Rubio about the matter. The reply was the standard "we'll get to it when we get to it" (Plaintiff's interpretation).**

14. **Contacting my current U. S. Senator Ashley Moody about the matter. The reply was the standard "we'll get to it when we get to it" (Plaintiff's interpretation).**

15. The prolonged delay has caused significant emotional distress for Plaintiff.

16. The United States Equal Employment Opportunity Commission's delay is inconsistent with its published (now deleted from their website) processing times for similar appeals,

which typically conclude within months of the acceptance of the appeal. This protracted inaction is arbitrary, capricious, and contrary to law.

**Legal Argument**

17. Plaintiff has a clear and indisputable right to the relief requested. Under 5 U.S.C. § 706(1), the APA authorizes courts to compel agency action unlawfully withheld or unreasonably delayed. The United States Equal Employment Opportunity Commission's failure to adjudicate Plaintiff's appeal violates its statutory obligations and denies Plaintiff the timely resolution to which he is entitled.

18. Courts have consistently held that delays exceeding published processing times constitute an unreasonable delay under the APA. See *Han Cao v. Upchurch, 496 F. Supp. 2d 569 (E.D. Pa. 2007)*.

19. The Defendants owe Plaintiff a nondiscretionary duty to process and adjudicate his appeal within a reasonable time, as mandated by the APA, and relevant regulations.

20. Plaintiff has exhausted all available administrative remedies, including repeated inquiries to the United States Equal Employment Opportunity Commission and seeking assistance from elected representatives and the United States Equal Employment Opportunity Commission's Attorney of the Day. Despite these efforts, Defendants have failed to act.

21. The Court's intervention is necessary to redress this inaction and ensure compliance with statutory and regulatory duties. Further delay risks irreparable harm to Plaintiff, including financial hardship.

**Relief Sought**

22. Plaintiff respectfully requests that this Honorable Court:

- Issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's appeal (Cae Number: 2023002221) without further delay;

- Award Plaintiff reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

- Grant such other and further relief as the Court deems just and proper.

**Conclusion**

Plaintiff respectfully requests that this Court grant the relief sought and compel Defendants to promptly adjudicate his application, ensuring compliance with statutory mandates and protections. The prolonged delay has caused significant hardship, and timely resolution is imperative to avoid further distress and financial instability.

**Signature:** *Thomas E. Morrison*

Thomas E. Morrison

P. O. Box 46953

Tampa, FL 33646-0134

Email: *tantpis4vous@gmail.com*

Phone: (813) 406-4808

22 June 2026

**Exhibits:**

- **Exhibit A:** Copy of response to former US Senator Marco Rubio from EEOC

- **Exhibit B:** Copy of response from former Senator Marco Rubio.

- **Exhibit C:** Copy of Privacy Act Consent form from US Senator Ashley Moody's office

- **Exhibit D:** Copy of email to US Senator Ashley Moody

- **Exhibit E:** Copy of response to US Senator Ashley Moody from EEOC